UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
Mustafa Zein,

                Plaintiff,

     - against -                        08 Civ. 10817 (CM)

                                               **MEMORANDUM OPINION
                                                   AND ORDER**

United States of America,

                Defendant.
------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/23/09

MCMAHON, D.J.:

    Before the Court is an application[1] submitted pro se by Mustafa Mohammed Zein[2], dated August 15, 2007, (1) requesting modification of certain dates on the docket sheet and removal of all reference to Zein's guilty plea, and (2) alleging that the United States committed "theft and forgery" with respect to the documents in Zein's underlying criminal case, United States v. Zein, 88 Cr. 99 (S.D.N.Y. July 7, 1988). See Submission of Mustafa Mohammed Zein, dated Aug. 15, 2007 ("Zein Submission") at 2-6 &

---

[1] Plaintiff's submission to the Court was filed in the form of an application under the criminal docket number 88 Cr. 99 rather than as a civil Complaint. However, plaintiff's allegations that the United States of America, through its agents Rudolph Guiliani and Patrick Fitzgerald, committed "theft and forgery" of court documents, "violated [his] civil rights, denied [him] equal justice under the law and violated the U.S. Constitution . . .", see Submission of Mustafa Mohammed Zein, dated Aug. 15, 2007 at 1-2, if justiciable, construed liberally, see Jorgensen v. Epic/SONY Records, 351 F.3d 46, 50 (2d Cir. 2003), arguably state a claim for declaratory and injunctive relief under the Administrative Procedure Act, 5 U.S.C. § 702, and for damages under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Zein's claim for damages was raised for the first time in his August 26, 2008, reply to the Government's August 18, 1008, letter brief to this Court addressing solely the issue of classified information. Thus, in the interest of procedural clarity, the Court considers plaintiff's August 15, 2007, application to be his Complaint and has sua sponte ordered that the case be assigned a civil docket number and that the filing fee be waived.

[2] Court documents throughout his numerous proceedings in this Court and in the Federal Circuit refer to plaintiff as "Mohammed Mustapha Zein," "Mustapha Zein," and "Mustafa Zein." Since the plaintiff's submissions are signed "Mustafa Zein," the Court will use this spelling. But the Court finds that the names all refer to the same individual, plaintiff in this case.

1

1A.³ The Court now considers Zein's Complaint, construed liberally by the Court, see Jorgensen, 351 F.3d at 50; the Government's Response dated October 12, 2007; Zein's subsequent submissions dated November 8, 2007, November 28, 2007, March 10, 2008, May 6, 2008, July 8, 2008, July 22, 2008, August 26, 2008, and November 24, 2008; and the Government's submissions dated April 23, 2008, June 23, 2008, and August 18, 2008.

## BACKGROUND

On January 17, 1986, Zein was arrested and charged by criminal Complaint in the United States in connection with a kidnapping in London, England. See Zein Submission at 16A. The Court dismissed the Complaint due to a request by Great Britain to extradite Zein. See In re Mohammed Mustapha Zein Extradition Application, 86 Cr. Misc. #1, p. 43, Tr. at 19 (S.D.N.Y. Dec. 16, 1986) (sealed transcript). Then, on February 11, 1988, Zein waived indictment and was charged by Information with "unlawfully, knowingly, and willfully . . . transmit[ting] . . . a communication containing a demand and request for ransom and reward for the release of a kidnapped person" in violation of 18 U.S.C. § 875. See Zein Submission at 14A; Gov't Submission, dated Oct. 12, 2007 ("Gov't Submission"), Ex. A. That case was assigned a new criminal docket number, 88 Cr. 99. Zein pleaded guilty on February 11, 1988. See Tr. at 35, dated Feb. 11, 1988.

While presiding over his guilty plea, the Court notified Zein that he was "in effect . . . waiving [his] right to assert those [coercion] defenses as a complete defense to the charges." See id. at 20. The transcript reflects that Zein did not personally

---

³ The Zein Submission includes a brief followed by continuously paginated attached documents. References to the brief will be noted as page numbers. References to the attached documents will be indicated by the page number followed by the letter "A". The Court will refer to Zein's other numerous submissions as "Zein Submission" followed by its date.

2

believe that his actions were criminal under the circumstances. But it also conclusively establishes that Zein admitted to participating in the kidnaping, and that he "did the acts here, [including making the phone call with the ransom demand,] and . . . that if the acts were proved, a court could find or a jury could find that they would make out an offense against the United States." See id. at 20-23. And, in the course of accepting Zein's plea, the Court made it abundantly clear to Zein that he "will have a conviction regardless of what [the Court] do[es] on sentencing." See id. at 24.

On June 14, 1988, the Court sentenced Zein to three years' imprisonment and charged a special assessment of $50. See Zein Submission at 14A; Gov't Submission, Ex. B. The Court vacated Zein's prison sentence on July 12, 1988, and imposed a new sentence of time-served, two-and-a-half years, plus the $50 special assessment. See Gov't Submission, Ex. C.

Over a decade later, Zein filed a Complaint in the United States Court of Federal Claims on April 26, 1999, alleging breach of an oral contract between Zein and the United States Government involving his assistance with the release of several American hostages being held in Lebanon. See Mustafa Zein v. United States, No. 99 Civ. 244 (Fed. Cl. Apr. 26, 1999). The court granted the Government's Motion to Dismiss, and the case was closed. See id.

In his application currently pending before the Court, Zein alleges that the United States, through its agents Rudolph Guiliani and Patrick Fitzgerald: (1) committed "theft and forgery" of documents, including the destruction of a portion of the documents in 88 Cr. 99 and in the case filed in the Court of Federal Claims; (2) "violated [his] civil rights" (3) "denied [him] equal justice under the law;" and (4) "violated the U.S. Constitution." See Zein

3

Submission at 1-2. Also, in a subsequent submission dated March 10, 2008, construed liberally, Zein requested an Order from the Court unsealing certain documents for the limited purpose of a proposed mediation before former White House Chief of Staff under George H. W. Bush, John Sununu. See Zein Submission, dated March 10, 2008 at 1-2.

## DISCUSSION

Courts of the Second Circuit construe pro se claims such as Zein's liberally. See Jorgensen, 351 F.3d at 50. Although he asserts no jurisdictional or substantive authority for the relief that he seeks against the United States, construed liberally, Zein's allegations arguably invoke this Court's authority to grant injunctive relief against the United States of America pursuant to the Administrative Procedure Act (the "APA"), 5 U.S.C. § 702.[4] The time for commencing an action under § 702 is governed by 28 U.S.C. § 2401. Section 2401 provides in relevant part: "(a) . . . every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. . . ." 28 U.S.C. § 2401.

The statute of limitations set forth in this section is

---

[4] The APA, 5 U.S.C. § 702, provides in relevant part:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States . . . .

Id.

jurisdictional, requiring dismissal for lack of subject matter jurisdiction if its requirements are not met. See In re "Agent Orange" Prod. Liability Litig., 818 F.2d 210, 214 (2d Cir. 1987). Zein's claim accrued, if at all, no later than June 1, 2000, at which time the docket sheet for the case in the Court of Federal Claims reflects that he had discovered that transcripts from 88 Cr. 99 were allegedly missing. His complaint in this case was dated August 15, 2007, more than six years after Zein knew, or had reason to know, of the alleged harm. See Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994) (holding that federal law determines when a federal claim accrues and establishing that a federal claim accrues "when the plaintiff knows or has reason to know of the harm") (internal quotation marks and citation omitted). Thus, this Court does not have jurisdiction to entertain Zein's claims for injunctive or declaratory relief.

Zein alleges no other bases of jurisdiction for this Court to entertain his Complaint.[5] However, assuming arguendo that the Court does have residual jurisdiction to safeguard the accuracy of its records, Zein's application must be denied.

Zein sets forth no specific credible facts in support of his claim that the docket in 88 Cr. 99 was criminally, or otherwise inappropriately, modified. Zein's theft and forgery claims consist mostly of bald, speculative allegations with no evidentiary support

---

[5] In his August 26, 2008, reply to the Government's August 18, 2008, letter to the Court addressing only whether certain documents containing classified information should remain sealed, Zein requested—for the first time—monetary damages for the Government's alleged violations in this case. See Zein Submission dated Aug. 26, 2008 at ¶ 6. The Court generally does not entertain claims raised for the first time in a Reply brief. See DSND Subsea AS v. Oceanografia, S.A. de C.V., 569 F. Supp. 2d 339, 347 (S.D.N.Y. 2008). However, assuming arguendo that Zein's damages claim were properly before the Court, and a Bivens, 403 U.S. 388, cause of action would be cognizable on these facts, it must be dismissed on statute of limitations grounds. A three-year statute of limitations under New York C.P.L.R. 214(5) applies to Bivens actions brought in federal district court in New York. Tapia-Ortiz v. Doe, 171 F.3d 150, 150 (2d Cir. 1999); Chin v. Bowen, 833 F.2d 21, 24 (2d Cir. 1987). Thus, as stated above, because Zein's claims accrued no later than June 1, 2000, and he filed this action in 2007, any alleged Bivens claim is time-barred.

5

other than his own unsworn statements. This Court cannot act on such unsupported allegations.

Additionally, the Court agrees with the Government that the public records in this case are materially accurate. See Gov't Submission at 5. Zein first argues that the date listed for the initiation of his prosecution is inaccurate, as the docket sheet reflects that his case began in 1988 rather than in 1986 when he was first arrested. See Zein submission at 2. However, the criminal case with the docket number 88 Cr. 99, which began with Zein's waiving indictment and the filing of an Information, did begin on February 11, 1988. The related extradition proceedings are filed under a separate docket number. See In re Mustapha Zein Extradition Application, 86 Cr. Misc. #1. Zein's next contention—that the record consists of too few pages, which suggests theft of some portions of his case file—is purely speculative and unsupported by any concrete factual allegation. With respect to Zein's contention that the record inaccurately reflects that he pleaded guilty, the Court cannot agree. It is plain from the transcript of Zein's allocution before this Court that he admitted to participating in the charged conduct, and that there was a factual basis for his plea. See Tr. at 20-23, dated Feb. 11, 1988.

As to Zein's request for an Order directing a limited unsealing of certain documents, without objection from the Government, the Court GRANTS his request to unseal: (1) the documents numbered 3, 4, 11, 12, 13, and 14 on the docket sheet for criminal case 88 Cr. 99; and (2) the two transcripts related to criminal case 88 Cr. 99 that were mistakenly docketed under the number assigned to Zein's extradition proceeding, In re Mustapha Zein Extradition Application, 86 Cr. Misc. #1—Zein's plea

6

allocution dated February 11, 1988, and the transcript from a collateral proceeding dated September 16, 1997. By letter dated August 12, 2008, the Government withdrew its request to seal its submission dated October 12, 2007, and consented to the public filing of Zein's own submissions dated November 8, 2007; November, 28, 2007; March 10, 2008; May 6, 2008; July 8, 2008; and July 22, 2008. The Government has subsequently consented to the public filing of Zein's August 15, 2007, August 26, 2008, and November 24, 2008, submissions. As such, the Court GRANTS Zein's request with respect to those documents, which will not be filed under seal.

However, with respect to Zein's sentencing submission and appendix, 88 Cr. 99 (Docket No. 6), and the Government's sentencing memorandum and supporting declaration, which is currently held by the Court Security Officer of the United States District Court for the Southern District of New York (the "S.D.N.Y. CSO") under the Security Procedures Established Pursuant to the Classified Information Procedures Act, 18 U.S.C. app. § 9(a) (2006), by the Chief Justice of the United States for the Protection of Classified Information ¶ 7(b) (1981) (the "Court Security Procedures for the Protection of Classified Information"), Zein's request is DENIED. Pursuant to Executive Order 12356, 47 Fed. Reg. 14,874 (Apr. 12, 1982), the Government's sentencing memorandum and supporting declaration and Zein's sentencing submission and the documents attached thereto contain classified information and, therefore, should not be disseminated publicly. See 28 C.F.R. § 17.46(a). Moreover, because Zein's sentencing memorandum and appendix contain classified material, they should also be held by the S.D.N.Y. CSO pursuant to the Court Security Procedures for the Protection of Classified Information ¶ 7(b) rather than by the Clerk of Court. Consequently, it is hereby ORDERED that document number 6 on the

7

docket sheet of 88 Cr. 99 shall remain sealed and shall be transferred to the S.D.N.Y. CSO, and it should remain in his custody in the absence of any further Order by this Court.

For the reasons stated above, the Court hereby DENIES the balance of Zein's Complaint.

It is so ORDERED.

Dated:    New York, New York
          February 19, 2009

Colleen McMahon
United States District Judge